IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAELON WOFFORD, ) | | |
| ID # 42947-177, ) | | |
|           Movant, ) | | No. 3:16-CV-2708-L (BH) |
| vs. ) | | No. 3:11-CR-0106-L (12) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|           Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Pursuant to 28 U.S.C. § 2255* (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Vaelon Wofford (Movant) challenges his federal conviction and sentence in Cause No. 3:11-CR-106-L.  The respondent is the United States of America (Government).

Movant was convicted of conspiracy to possess with intent to distribute more than 28 grams of cocaine base in violation of 18 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and by judgment entered on January 26, 2012, he was sentenced to 150 months' imprisonment.  (*See* doc. 344.)[1]  He did not appeal.

Movant's § 2255 motion was signed on September 20, 2016, and received on September 22, 2016.  (No. 3:16-CV-2708-L, doc. 1 at 13.)  It alleged that a Texas conviction for delivery of a controlled substance was improperly used to increase his sentence under a sentencing guideline in

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:11-CR-106-L.

light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 567 (5th Cir. 2016). (*Id.*, doc. 1.) The Government filed a response on December 14, 2016, contending that the motion to vacate was untimely. (*Id.*, doc. 7.) Movant filed a reply on January 23, 2017. (*Id.*, doc. 8.)

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. Calculation of One-Year Period

With regard to § 2255(f)(1), the judgment became final on February 9, 2012, when the time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing for 14-day period to appeal from judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (when a federal prisoner

does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of time to file an appeal). He does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2). The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not apply.

Section 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," does not apply. Movant cites *Mathis* and *Hinkle* in support of his claim regarding the use of prior drug convictions to enhance his sentence. *Mathis* did not announce a new rule. *See* 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law). It therefore cannot form the basis for applying § 2255(f)(3). *See, e.g.*, *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("Because *Mathis* did not announce a new rule, Mr. Taylor cannot rely on it in a § 2255 petition filed nearly fifteen years after the judgment in his criminal case became final.").

*Hinkle* was a decision from the Fifth Circuit Court of Appeals, not the United States Supreme Court. Section 2255(f)(3) applies only to claims relying on a rule "newly recognized by the Supreme Court." Also, *Hinkle* applied *Mathis* on direct appeal, not to § 2255 motions that were otherwise time-barred. *See Hinkle*, 832 F.3d at 574-77 (vacating the defendant's sentence on direct appeal because a prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provisions). Section 2255(f)(3) does not apply here. *See Washington v. United States*, 2017 WL 2930939, *3 (W.D. Tex. July 7, 2017) (rejecting an

does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of time to file an appeal). He does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2). The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not apply.

Section 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," does not apply. Movant cites *Mathis* and *Hinkle* in support of his claim regarding the use of prior drug convictions to enhance his sentence. *Mathis* did not announce a new rule. *See* 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law). It therefore cannot form the basis for applying § 2255(f)(3). *See, e.g.*, *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("Because *Mathis* did not announce a new rule, Mr. Taylor cannot rely on it in a § 2255 petition filed nearly fifteen years after the judgment in his criminal case became final.").

*Hinkle* was a decision from the Fifth Circuit Court of Appeals, not the United States Supreme Court. Section 2255(f)(3) applies only to claims relying on a rule "newly recognized by the Supreme Court." Also, *Hinkle* applied *Mathis* on direct appeal, not to § 2255 motions that were otherwise time-barred. *See Hinkle*, 832 F.3d at 574-77 (vacating the defendant's sentence on direct appeal because a prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provisions). Section 2255(f)(3) does not apply here. *See Washington v. United States*, 2017 WL 2930939, *3 (W.D. Tex. July 7, 2017) (rejecting an

argument that *Hinkle* triggered § 2255(f)(3)).

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, he had until February 9, 2013, to file his § 2255 motion. His § 2255 motion was filed on September 20, 2016, the date that it was mailed.[2] It is therefore untimely in the absence of equitable tolling.

**B.     Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. Nor does he assert any other basis for equitable tolling. His § 2255 motion is untimely.

### III. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** on this 9th day of November, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE