IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAELON WOFFORD,<br>ID # 42947-177,<br>　　　　Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:16-CV-2708-L (BH)<br>No. 3:11-CR-0106-L (12)<br><br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case was referred for findings, conclusions, and recommendation. Before the Court is the *Motion for Issuance of Certificate of Appealability*, received May 18, 2018. (Doc. 20). Based on the relevant findings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

Vaelon Wofford (Movant) filed a motion to vacate under 28 U.S.C. § 2254 challenging his federal conviction and sentence in No. 3:11-CR-106-L(12). (Doc. 1.) a state conviction, which he claimed should not be barred by the statute of limitations. (Doc. 3.) It was denied with prejudice as barred by the statute of limitations. (Docs. 15, 16.) He now seeks a certificate of appealability.

### II. CERTIFICATE OF APPEALABILITY

Movant was denied a certificate of appealability by order dated April 10, 2018. (*See* doc. 15). He is not now entitled to a certificate of appealability for the same reasons set forth in that order, i.e., that he has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *See Slack v. McDaniel,* 529

U.S. 473, 484 (2000); Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

### III. RECOMMENDATION

The motion for a certificate of appealability (doc. 20) should be **DENIED**.

**SIGNED on this 21st day of May, 2018.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```