IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **VAELON WOFFORD,** § <br> **#42947-177,** § <br> Petitioner, § <br> v. § <br> § <br> **UNITED STATES OF AMERICA,** § <br> § <br> Respondent. § | Civil Action No. **3:16-CV-2708-L-BH** <br> Criminal No. 3:11-CR-106-L(12) |

## ORDER

Before the court is Petitioner's Motion for Issuance of Certificate of Appealability (Doc. 20), filed May 18, 2018; Petitioner's Motion for Reconsideration of the Court's Decision Pursuant to Rule 60(b)(6) (Doc. 22), filed June 14, 2018; and the magistrate judge's Findings, Conclusions, and Recommendation ("Report") (Doc. 21), filed May 21, 2018, recommending that the court deny Petitioner's Motion for Issuance of Certificate of Appealability for the reasons the court previously denied Petitioner a certificate of appealability in this case. No objections to the Report were received as of the date of this order.

Having considering Petitioner's Motion for Issuance of Certificate of Appealability (Doc. 20), the record in this case, and Report, the court determines that the magistrate judge's findings and conclusions are correct, **accepts** them as those of the court, and **denies** Petitioner's Motion for Issuance of Certificate of Appealability (Doc. 20) for the same reasons the court previously denied Petitioner a certificate of appealability in this case.

The further determines that Petitioner is not entitled to relief under Federal Rule of Civil Procedure 60(b)(6). Petitioner appealed the judgment in this case before filing his Motion for

**Order – Page 1**

Reconsideration under Rule 60(b). The filing of a notice of appeal normally divests the district court of jurisdiction over any matter involved in the appeal. *See Alvestad v. Monsanto Co.*, 671 F.2d 908, 911 n.2 (5th Cir. 1982); *Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 997-98 (5th Cir. 1988). A district court, nevertheless, has authority to deny Rule 60(b) relief while an appeal is pending, but it may not grant such relief without obtaining leave from the court of appeals. *See Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984), *on reh'g*, 784 F.2d 706 (5th Cir. 1986) (en banc).

Rule 60(b)(6) states that the court may relieve a party from a final judgment or order for any "reason that justifies relief." To obtain relief, however, the moving party must demonstrate "extraordinary circumstances," which the Supreme Court has held "'will rarely occur in the habeas context.'" *Buck v. Davis*, —— U.S. ——, 137 S. Ct. 759, 772 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 nn.4 & 5 (2005)). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

In his Motion for Reconsideration, Petitioner reiterates his contention that his habeas petition under 28 U.S.C. § 2255 is not time-barred in light of the new rulings or intervening changes of law in *United States v. Hinkle*, 2016 WL 4254372 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). Petitioner contends that *Tanksley* is intervening law that entitles him to substantive relief. Specifically, Petitioner argues that the decisions in *Hinkle* and *Tanksley* "render[] the court's decision to deny [his] claim as time[-]barred, demonstrably wrong and failing to reconsider the . . . decision will produce an unwarranted disparity between [him] and similarly situated defendants in other cases." Mot. for Reconsideration 3.

Petitioner previously relied on *Hinkle* in support of his habeas petition and in objecting to the magistrate judge's findings and conclusions. As correctly noted by the magistrate judge, however, *Hinkle* was a decision by the Fifth Circuit, not the United States Supreme Court, whereas section 2255(f)(3) applies only to claims relying on a rule "newly recognized by the Supreme Court." Findings, Conclusions, Recommendation 3 (Doc. 11). The magistrate judge, therefore, concluded that *Hinkle* did not trigger section 2255(f)(3). For the same reason, the court determines that Petitioner's new intervening law argument based on the Fifth Circuit's opinion in *Tanksley* fares no better.

Petitioner also contends that he is entitled to relief because Rule 60(b)(6) "is a residual or catch-all provision to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances." Mot. for Reconsideration 3 (*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993)). The Fifth Circuit in *Edward H. Bohlin Co., Inc.*, however, also explained that "[t]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *Id.* (citation and footnote omitted). Moreover, the magistrate judge previously determined, and this court agreed, that Petitioner had not "demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling." Findings, Conclusions, Recommendation 5 (Doc. 11). While Petitioner objected to this determination, he did so only based on his contention that the opinions in *Hinkle*, *Tanksley*, and other cases were intervening law entitling him to relief, which contention was rejected by the magistrate judge and this court.

Furthermore, a change in decisional law alone does not constitute an "extraordinary circumstance" warranting relief from a judgment. *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (citing *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)); *see also Gonzalez*, 545 U.S. at 536. "[T]his rule applies with equal force in habeas proceedings under the Antiterrorism and Effective Death Penalty Act ("AEDPA")." *Adams*, 679 F.3d at 320 (internal quotation marks omitted).

Accordingly, for all of the foregoing reasons, the court determines that Petitioner's sole basis for reconsideration, an alleged intervening change in the law, does not constitute the type of "extraordinary circumstances" that would justify relief from the AEDPA's statutory time-bar for filing habeas actions or warrant the reopening of the judgment in this case and **denies** Petitioner's Motion for Reconsideration of the Court's Decision Pursuant to Rule 60(b)(6) (Doc. 22).*

---

* In *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007), the Fifth Circuit explained as follows regarding the interplay between section 2254 habeas cases and Rule 60(b):

> Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

*Id.* at 526 (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Petitioner's Rule 60(b) Motion merely reiterates his prior argument regarding double jeopardy without presenting a new claim for relief. Further, Petitioner's habeas claims in this action were dismissed without prejudice without a ruling on the merits. As a result, Petitioner's Rule 60(b) Motion is not a successive habeas claim and creates no inconsistency with the habeas statute or rules. *See Ruiz*, 504 F.3d at 526.

**It is so ordered** this 19th day of June, 2018.

Sam A. Lindsay
United States District Judge